# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| LINIE BRUCE PERSON, SR. a/k/a <br> LYNN BRUCE PERSON, SR., <br><br> Plaintiff, <br><br> VS. <br><br> LINIE BRUCE PERSON, JR., ET AL., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 20-1067-JDT-cgc |

## ORDER DISMISSING CASE WITHOUT PREJUDICE
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On March 20, 2020, Plaintiff Linie Bruce Person, Sr. a/k/a Lynn Bruce Person, Sr., who is presently incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Linie Bruce Person, Jr. and Lynn Donetia Simmons.

Plaintiff alleges that in May 2019 he gave the keys to his 1997 Lincoln Towncar to Lynn Donetia Simmons and told her to retrieve the car from where it was parked, take it to her house, and hold it until Plaintiff got out of jail; she was not to sell the car, give it away,

or let anyone else drive it.  (ECF No. 1 at PageID 6.)  In July 2019, after being told by several others that his car was no longer at Simmons's house, Plaintiff wrote her a letter inquiring about it.  Simmons sent the letter back to Plaintiff with "Detroit" written at the bottom of it.  (*Id.*)

Plaintiff further alleges he received a letter from Defendant Linie Bruce Person, Jr., in August 2019, admitting that he took Plaintiff's car.  (*Id.*)  Plaintiff wrote to Person, Jr., explaining that the title to the car was in Plaintiff's name.  (*Id.*)  Plaintiff alleges the Defendants conspired to take his car across state lines to Detroit, Michigan, and have refused his repeated requests to return the vehicle.  (*Id.*)  In an affidavit submitted to the Jackson, Tennessee, Police Department, Plaintiff averred that he was authorizing his fiancée to press charges against the Defendants for the theft of his car.  (ECF No. 1-2 at PageID 9-10.)

Plaintiff seeks either the return of his 1997 Lincoln Towncar intact and undamaged or $50,000 for a new Lincoln Towncar, $10,000 from each Defendant for the contents of his car's trunk, $1,000 per day from each Defendant until his car is returned, and unspecified punitive damages.  (ECF No. 1 at PageID 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

The Court construes Plaintiff's complaint as asserting a claim against the Defendants under Tennessee law for conversion of his property. However, the Court does not have subject matter jurisdiction over his claim.

"Federal courts are courts of limited jurisdiction. Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008); *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (jurisdiction of the federal courts "is not to be expanded by judicial decree"). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

"A party seeking to invoke the jurisdiction of the federal courts . . . bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam). Rule 8(a)(1) of the Federal Rule of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." In addition, Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

There are two kinds of federal jurisdiction, federal question jurisdiction under 28 U.S.C. § 1331 and jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. On the complaint form, Plaintiff indicated the basis for jurisdiction in this case is diversity of citizenship. (ECF No. 1 at PageID 3.)

Jurisdiction based on diversity of citizenship means that it applies to cases between "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship is present where the plaintiff is a citizen of one state and all of the defendants are citizens of other states, plus the amount in controversy in the case is more than $75,000. *See Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). "For jurisdiction to be proper under § 1332(a), there must be complete diversity of citizenship among the parties—'no party [can] share citizenship with any opposing party.'" *Novick v. Frank*, No. 16-4189, 2017 WL 4863168, at *1 (6th Cir. June 6, 2017) (quoting *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994)).

In this case, Plaintiff has not sufficiently alleged complete diversity. Though he alleges that Defendant Person, Jr. is a citizen of Michigan, (ECF No. 1 at PageID 3), he has not alleged the citizenship of Defendant Simmons. Plaintiff does state, however, that Simmons resides in Jackson, Tennessee. (*Id.* at PageID 2.)[1] Thus it appear likely that Plaintiff and Simmons are both citizens of Tennessee.

Based on the Plaintiff's failure to allege complete diversity of citizenship, this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

---

[1] Currently residing in a particular state is not the same as being a citizen of that state. Citizenship is based on domicile, which requires that a person "be physically present in the state *and* must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) (emphasis added). Plaintiff does not allege that Simmons is a citizen of another state even though she currently resides in Tennessee.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. §1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to use the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that if he files a notice of appeal and wishes to use the installment method for paying the $505 appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE